| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | ONLINE PUBLICATION ONLY |
| ------------------------------------------------------------------x | |
| RICARDO BROOKS GAMEZ, | |
| Plaintiff, | MEMORANDUM AND ORDER |
| -against- | 11-CV-4316 (JG) (LB) |
| THE STATE OF NEW YORK; CITY OF NEW YORK; ALL "PRIVATE ACTORS"; ALL PERSONS WITHIN OR NOT WITHIN THE GOVERNMENT; CALIFORNIA; LOS ANGELES; THE STATE OF FLORIDA & CITY OF MIAMI, KNOWN AND UNKNOWN, ET AL; DOMINANT RACIAL OR ETHNIC GROUP, AGAINSTA SUBORDINATE GROUP, WHITE SUPREMACIST GROUP; HATE GROUP; LYNCHING COVERT MOB; RACIAL MURDERS, 'POGROMS'; NYC D.O.C.; BOARD OF CORRECTIONS; MARTIN HORN; STATE AND FEDERAL DEA, | |
| Defendants. | |
| ------------------------------------------------------------------x | |
| ------------------------------------------------------------------x | |
| RICARDO BROOKS GAMEZ, | |
| Plaintiff, | |
| -against- | 11-CV-4317 (JG) (LB) |
| THE STATE AND MUNICIPALITY OF N.Y.; THE NYPD; D.O.C. AND COMMANDS; THE DIVISION OF CRIMINAL JUSTICE SERVICES – CHAUNCEY PARKER; ["THE FEDERAL AND STATE DRUG ENFORCEMENT AGENCIES"]; THE MAYOR; WARDEN DAVIS; P.O. BRISBAIN; THE BOARD OF CORRECTIONS; MARTIN HORN; THE NEW YORK STATE DEPARTMENT OF LABOR; and THE BUREAU FOR ALCOHOL AND TOBACCO, all Defendants held accountable in their Individual Capacities, all persons known and unknown within or not within Government Capacity, -white supremacist Et al, | |
| Defendants. | |
| ------------------------------------------------------------------x | |

```
------------------------------------------------------------------x
```
RICARDO BROOKS GAMEZ,

        Plaintiff,

        -against-                                   11-CV-4318 (JG) (LB)

THE STATE OF NEW YORK; CITY OF NEW YORK; ALL PERSONS WITHIN OR NOT WITHIN THE GOVERNMENT; CALIFORNIA; LOS ANGELES; THE STATE OF FLORIDA & CITY OF MIAMI, KNOWN AND UNKNOWN, ET AL; DOMINANT RACIAL OR ETHNIC GROUP AGAINST A SUBORDINATE GROUP,

        Defendants.
```
------------------------------------------------------------------x
------------------------------------------------------------------x
```
RICARDO BROOKS GAMEZ,

        Plaintiff,

        -against-                                   11- CV-4319 (JG) (LB)

STATE OF NEW YORK; CITY OF NEW YORK; STATE OF CALIFORNIA AND CITY OF LOS ANGELES; ALL TERRORISTS KNOWN AND UNKNOWN, WITHIN GOVERNMENT; PENNSYLVANIA; CAPACITY OR NOT; U.S. CUSTOMS; U.S. FEDERAL DIST COURT (FOR BIGOTRY); "PRIVATE ACTORS" DEFENDANTS- WHITE GOVERNMENT BULLIES RIOTERS, SEDITIONISTS,

        Defendants.
```
------------------------------------------------------------------x
```

------------------------------------------------------------------x

RICARDO BROOKS GAMEZ,

               Plaintiff,

          -against-                                11-CV-4320 (JG) (LB)

STATE AND MUNICIPALITY OF N.Y.;
NYPD; D.O.C. AND COMMANDS; THE DIVISION
OF CRIMINAL JUSTICE SERVICES – CHAUNCEY
PARKER; THE FEDERAL AND STATE DRUG
ENFORCEMENT AGENCIES; THE MAYOR; WARDEN
DAVIS; P.O. BRISBAIN; NYPD OFFICER #27111., ALL
DEFENDANTS HELD ACCOUNTABLE IN THEIR
INDIVIDUAL CAPACITIES, ALL PERSONS KNOWN
AND UNKNOWN WITHIN OR NOT WITHIN
GOVERNMENT CAPACITY; WHITE SUPREMACIST
ET AL,

               Defendants.
------------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        On September 6, 2011, and September 7, 2011, plaintiff Ricardo Brooks Gamez filed these five *pro se* actions pursuant to 42 U.S.C. § 1983. In each action, Gamez has moved for leave to proceed pursuant to 28 U.S.C. § 1915. The Court grants Gamez's requests to proceed *in forma pauperis*, and consolidates these actions solely for the purpose of this Order.[1] For the reasons discussed below, Gamez's complaints are dismissed.

---

[1] The five actions consolidated for purposes of this Order are: *Gamez v. State of New York*, No. 11-CV-4316 (JG) (LB) ("*Gamez I*"); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-4317 (JG) (LB) ("*Gamez II*"); *Gamez v. State of New York*, No. 11-CV-4318 (JG) (LB) ("*Gamez III*"); *Gamez v. State of New York*, No. 11-CV-4319 (JG) (LB) ("*Gamez IV*"); and *Gamez v. State & Municipality of N.Y.*, No. 11-CV-4320 (JG) (LB) ("*Gamez V*"). Gamez has numerous other actions pending in which he has also moved for *in forma pauperis status*. Those requests will be addressed in separate orders.

BACKGROUND

A.   *Procedural History*

Including the actions consolidated for purposes of this Order, Gamez has now commenced at least 38 actions in this Court, many of which have been dismissed as frivolous or duplicative.[2]  Recently, Gamez was ordered to show cause why he should not be enjoined from filing any future actions in this district without the Court's permission.  *See* Memorandum & Order To Show Cause, *Gamez v. The White Satan*, No. 11-CV-6128 (BMC) (LB) (E.D.N.Y. Dec. 22, 2011); Memorandum & Order To Show Cause, *Gamez v. State of New York*, No. 11-CV-6132 (BMC) (JMA) (E.D.N.Y. Dec. 22, 2011).

---

[2]  *See* **Error! Main Document Only.***Gamez v. Court Room 41*, No. 10-CV-5414 (JG) (LB) (pending § 1983 against Rikers Island Correctional Facility guards); *Gamez v. New York*, No. 11-CV-1918 (JG) (LB) (dismissed by order dated May 4, 2011, as claims were found to be duplicative and frivolous); *Gamez v. State of New York*, No. 11-CV-1921 (JG) (LB)  (dismissed by order dated May 4, 2011, as frivolous); *Gamez v. State of New York*, No. 11-CV-2760 (JG) (LB)  (dismissed by order dated July 25, 2011, as frivolous); *Gamez v. State of New York*, No. 11-CV-2829 (JG) (LB) (dismissed by order dated July 25, 2011, as frivolous); *Gamez v. State of New York*, No. 11-CV-3374 (BMC) (LB) (dismissed by order dated July 18, 2011, for failure to state a claim and as frivolous); *Gamez v. U.S. District Court*, No. 11-CV-4068 (KAM) (dismissed by order dated September 6, 2011, for failure to state a claim and as frivolous); *Gamez v. State of N.Y.*, No. 11-CV-4069 (JG) (LB) (dismissed by order dated August 26, 2011, for failure to state a claim and as frivolous); *Gamez v. State of New York*, No. 11-CV-4070 (JG) (LB) (dismissed by order dated August 26, 2011, for failure to state a claim and as frivolous); *Gamez v. State of New York*, No. 11-CV-4457 (JG) (LB) (filed Sept. 12, 2011); *Gamez v. Court Room 41*, No. 11-CV-4458 (JG) (LB) (filed Sept. 12, 2011); *Gamez v. State of New York*, No. 11-CV-4459 (JG) (LB) (filed Sept. 12, 2011); *Gamez v. State of New York*, No. 11-CV-4460 (JG) (LB) (filed Sept. 12, 2011); *Gamez v. State of New York*, No. 11-CV-4461 (JG) (LB) (filed Sept. 12, 2011); *Gamez v. State of New York*, No. 11-CV-4462 (JG) (LB) (filed Sept. 12, 2011); *Gamez v. State of New York*, No. 11-CV-4463 (JG) (LB) (filed Sept. 12, 2011); *Gamez v. LAPD*, No. 11-CV-4678 (JG) (LB) (filed Sept. 13, 2011); *Gamez v. State of New York*, No. 11-CV-4679 (JG) (LB) (filed Sept. 13, 2011); *Gamez v. State of New York*, No. 11-CV-4681 (JG) (LB) (filed Sept. 13, 2011); *Gamez v. State of New York*, No. 11-CV-5435 (JG) (LB) (filed Sept. 29, 2011); *Gamez v. Court Room 41*, No. 11-CV-5436 (JG) (LB) (filed Oct. 19, 2011); *Gamez v. State of New York*, No. 11-CV-5437 (filed Oct. 24, 2011); *Gamez v. State of New York*, No. 11-CV-5438 (JG) (LB) (filed Oct. 25, 2011); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-5439 (JG) (LB) (filed November 1, 2011); *Gamez v. Court Room 41*, No. 11-CV-6126 (JG) (LB) (filed Nov. 3, 2011); *Gamez v. State & Municipality of NY*, No. 11-CV-6127 (JG) (LB) (filed Nov. 4, 2011); *Gamez v. The White Satan*, No. 11-CV-6128 (BMC) (LB) (dismissed by order dated Dec. 22, 2011, for failure to state a claim and as frivolous); *Gamez v. NY*, No. 11-CV-6129 (JG) (LB) (filed Nov. 8, 2011); *Gamez v. NYS Probation*, No. 11-CV-6130 (JG) (LB) (filed Nov. 8, 2011); *Gamez v. NYC DOC*, No. 11-CV-6131 (JG) (LB) (filed Nov. 29, 2011); *Gamez v. State of New York*, No. 11-CV-6132 (BMC) (JMA) (dismissed by order dated Dec. 22, 2011, for failure to state a claim and as frivolous); *Gamez v. NY Probation Office*, No. 11-CV-6134 (JG) (LB) (filed Dec. 9, 2011); *Gamez v. U.S. District Courts Eastern & Southern Districts of N.Y.*, No. 11 CV 6274 (BMC) (LB) (filed December 16, 2011).

B.     *Allegations in the Present Cases*

The allegations in the five cases addressed in this Order overlap with one another and with Gamez's filings in his many prior cases. In *Gamez I*, Gamez re-alleges claims that he previously raised in prior cases (case numbers 11-CV-1918, 11-CV-1921, 11-CV-2829 and 11-CV-2760). These claims include that he is a "victim of white supremacy genocide rogue unit, 'Secret Police'" who have given "'directives,'" Compl. 2, *Gamez I*, to unnamed private actors to deprive Gamez of his constitutional rights, in violation of 42 U.S.C. §§ 1983 and 1985, through "stalking," *see id.* at 8, and attempts by various persons (with no apparent connection to the government or each other) to poison him, *see, e.g.*, *id.* at 2 (claiming that plaintiff was poisoned with a "spiked" chocolate drink from a fast-food restaurant in 2004).

In *Gamez II* and *Gamez V*, Gamez once again re-alleges claims that he previously raised in a different set of cases (numbers 10-CV-5414, 11-CV-1918, 11-CV-2760 and 11-CV-3374). These duplicative claims included allegations that correction officers at Rikers retaliated against him for filing lawsuits against them, *see, e.g.*, Compl. 2, ¶¶ II–IV, *Gamez V*, that smoking and drugs were rampant at Rikers, Compl. 2, ¶ II, *Gamez II*, that Probation Officer Brisbane was disrespectful towards plaintiff, *id.* ¶ IV, and that the New York City Police Department attempted to poison him, *id.* ¶ VI.

In both *Gamez III* and *Gamez IV*, Gamez once again re-alleges claims that he previously raised in prior cases (numbers 11-CV-2828, 11-CV-2829 and 11-CV-2760), specifically, that unnamed white supremacists conspired with government actors in violation of 42 U.S.C. §§ 1983 and 1985 to deprive him of his constitutional rights to due process and equal protection. In addition, Gamez alleges that he is the victim of stalking and poisoning. *See, e.g.*, Compl. 9, ¶¶ 23–24, *Gamez IV*. He seeks monetary damages for these alleged harms.

DISCUSSION

A. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

B.    *Analysis*

In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court held that a court may dismiss an *in forma pauperis* claim as factually frivolous if the facts alleged are clearly baseless. *See id.* at 31–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. The term "frivolous" embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The bulk of Gamez's allegations, even under the very liberal standard applied to *pro se* pleadings, qualify as frivolous. *See Denton*, 504 U.S. at 33. Since the complaints are devoid of any basis in law or fact, defects which cannot be cured by amendment, the complaints must be dismissed.

Moreover, as previously noted, the allegations in the instant complaints are largely duplicative of Gamez's prior complaints. To the extent Gamez has asserted any non-frivolous allegations, they are duplicative of those asserted in other pending or dismissed actions. Accordingly, his complaints are dismissed as duplicative. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."); *cf. Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (under the doctrine of *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action).

CONCLUSION

For the reasons above, the complaints in these actions are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: December 27, 2011
       Brooklyn, New York